UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KASTURI HALDAR, ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:24-cv-00836-CCB-SJF |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF NOTRE DAME ) | |
| DU LAC, SANTIAGO SCHNELL, and ) | |
| CINDY PARSEGHIAN ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUR-REPLY TO
PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION**

On October 11, 2024, Plaintiff Kasturi Haldar filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("PI Motion"), seeking to block the decision of the University of Notre Dame ("the University") to close her laboratory, which was one of several sanctions that the University imposed on Plaintiff following her failure to comply with University policies. [DE 4]. This Court denied the PI Motion on November 5, 2024, which resulted in the University being able to move forward with its previous decision to close Plaintiff's lab. [DE 30]. Undeterred, however, Plaintiff filed an Emergency Motion for Reconsideration of this Court's November 5, 2024 Order on November 18, 2024, seeking yet again to block the University's decision to close her lab. [DE 36].

Specifically, in her Emergency Motion for Reconsideration, Plaintiff asks this Court to reconsider its decision denying a preliminary injunction because she claimed that this Court's decision was based on various mistakes of fact and law, and also because "newly discovered evidence" required a different outcome. [DE 36 at 4]. That "newly discovered evidence," according to Plaintiff, was the fact that the Faculty Grievance Panel that was convened to review

LEGAL\75633066\1

a grievance that Plaintiff filed pursuant to the University's Academic Articles related to the University's decision to close her lab would not complete its review process before the closure of the lab. [*Id.*]. Plaintiff argued that her right to have the Faculty Grievance Panel review the University's decision to impose sanctions, including closure of the lab, would be "rendered meaningless." [DE 36 at 7].

As Defendants explained in their Response to Plaintiff's Emergency Motion for Reconsideration, the timeline for the Faculty Grievance Panel to issue its report was not "newly discovered evidence," given that there is no absolute timeline for such a committee to complete its work, and further given the fact that the Panel is not a decisional body, but rather issues a report for the consideration of the Provost (or President, if the Provost is involved in the grievance). [DE 46 at 8-9]. Nonetheless, the Faculty Grievance Panel now has completed its review and has issued its report and recommendations. (*See* Report of Faculty Grievance Panel, dated Jan. 31, 2025, attached as Exhibit A, DE 56-1; Recommendations of Faculty Grievance Panel, dated Jan. 31, 2025, attached as Exhibit B, DE 56-2).[1] ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█ ████████████████████████████████████████

████████

---

[1] The University's President has reviewed the Faculty Grievance Panel's report, in accordance with the Academic Articles, and has affirmed the panel's recommendations. (*See* Letter from President Rev. Robert A. Dowd, C.S.C. to Prof. Kasturi Haldar, dated Feb. 17, 2025, attached as Exhibit C [DE 56-3]).

2

As to the other claims in Plaintiff's grievance, the Faculty Grievance Panel found the following:



These findings demonstrate that Plaintiff's claims in her PI Motion and Emergency Motion for Reconsideration wholly lack merit and should not be revisited.

The issuance of the Faculty Grievance Panel's report, which supports the University's decision to impose sanctions on Plaintiff, including the closure of her lab, further demonstrates that there simply is no emergency that justifies reconsideration of this Court's November 5, 2024 Order.[2] Plaintiff has not shown that compelling reasons exist to support her request for reconsideration. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (requiring that a party seeking reconsideration demonstrate that a manifest error of law or fact or newly discovered evidence exist to revisit a district court's prior order). Plaintiff's attempt to reverse the University's decision, which was fully supported by a committee consisting of Plaintiff's peers, lacks any basis in law or fact.

---

[2] The Faculty Grievance Panel noted in its report that Plaintiff delayed in responding to requests for information from the Panel, yet insisted that the Panel review the grievance by the original deadline of November 10, 2024. [DE 56-2, at 3].

LEGAL\75633066\1

Accordingly, the University and Defendants Santiago Schnell and Cindy Parseghian respectfully request that this Court deny Plaintiff's Emergency Motion for Reconsideration.

Date: March 3, 2025

Respectfully submitted,

*/s/Michael P. Palmer*
Michael P. Palmer (#25199-71)
V. Chisara Ezie-Boncoeur (#37251-71)
BARNES & THORNBURG LLP
201 S. Main St., Suite 400
South Bend, IN 46601-2130
Attorney Palmer: (574) 237-1135
michael.palmer@btlaw.com
Attorney Ezie-Boncoeur: (574) 237-1273
cezie@btlaw.com

Anneliese Wermuth
awermuth@cozen.com
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
(312) 474-7876

*Attorneys for Defendants,*
*University of Notre Dame du Lac, Santiago*
*Schnell and Cindy Parseghian*