UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KASTURI HALDAR,<br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NOTRE DAME DU LAC,<br>SANTIAGO SCHNELL, AND CINDY<br>PARSEGHIAN,<br>                Defendants. | Case No. 3:24-cv-00836-CCB-SJF |

**PLAINTIFF KASTURI HALDAR'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

Defendants seek leave to file a surreply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Emergency Motion for Reconsideration. DE 50, 36. Defendants' proposed surreply addresses one argument in the Motion for Reconsideration, but because of events that have transpired since Plaintiff filed the motion, that argument is now moot. Because the argument Defendants seek to address is moot, and because Defendants have not met their burden to overcome the general presumption that surreply briefs are not allowed, the request to file a surreply should be denied.

Plaintiff filed this case on October 11, 2024, seeking a temporary restraining order and preliminary injunction prohibiting defendant Notre Dame from—among other sanctions—closing down her research laboratory and destroying her biological materials. DE 4. In November 2024, this Court denied Plaintiff's motion. DE 30. Plaintiff then moved for emergency reconsideration of that order on various grounds:

(1) that the Court had made factual mistakes related to the nature of the harm Dr. Haldar faced that underestimated the magnitude of the loss she faced and whether it constituted irreparable harm, DE 36 at 5-6, 12-16; DE 50 at 4;

(2) that allowing destruction of Dr. Haldar's research materials before final resolution of the preliminary injunction on appeal rendered that appellate right illusory, DE 36 at 6; DE 50 at 2-3;

(3) that allowing destruction of Dr. Haldar's research materials before a faculty grievance committee could determine if such actions were warranted rendered her contractual right to grieve Notre Dame's restrictions illusory, DE 36 at 6-7;

(4) that the Court had applied the incorrect statute of limitations to Dr. Haldar's good faith and fair dealing claim, DE 36 at 7-9; DE 50 at 6-9;

(5) that the Court had failed to assess whether Notre Dame's actions in 2023 and 2024 breached the covenant of good faith and fair dealing, DE 36 at 10-11; DE 50 at 9-11;

(6) that the Court's decision regarding whether Dr. Haldar had identified a comparator for her discrimination claims was incorrect, DE 36 at 11-12; DE 50 at 12-14.

Defendants seek to file a surreply addressing only argument (3). The status of the faculty grievance committee review is not relevant to any of the other arguments.

Since Plaintiff's motion was filed three and a half months ago, Notre Dame closed her laboratory. DE 60-1 ¶ 5. Notre Dame euthanized one of the three colonies of mice Dr. Haldar and her former graduate student, Alejandro Lopez-Ramirez, were using for their experiments. *Id.* ¶ 7. It has allowed a second colony to dwindle to just two geriatric breeding pairs that may or may not be able to produce mice that Mr. Lopez-Ramirez can use for his ongoing experiments. *Id.* ¶ 8. Notre Dame has continued the breeding of the third colony of mice for Mr. Lopez-Ramirez's use, albeit at a significantly reduced pace. *Id.* ¶ 9. Notre Dame closed the lab and made its decisions about what biological materials to keep and what to destroy before the grievance committee had a chance to review Dr. Haldar's concerns. Plaintiff's argument that the injunction should enter so that she could be heard by the faculty grievance committee *before* these steps were taken is now moot.

"The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in

2

a reply brief." *Meraz-Camacho v. United States*, 417 Fed. Appx. 558, 559 (7th Cir. 2011); *see also Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (*citing* N.D. Ind. L.R. 7-1(a)) ("The court generally does not permit litigants to file a surreply brief."); *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 (N.D. Ind. Apr. 15, 2008) (same); *Taylor v. Lifetouch Nat. Sch. Studios, Inc.*, 490 F. Supp. 2d 944, 950 (N.D. Ind. 2007) ("The ability to file a surreply may be gained only by leave of the court and by the showing of some factor that justifies deviation from the rule."). Where a surreply would not change the outcome of the motion, the Seventh Circuit has approved the denial of such a motion. *Meraz-Camacho*, 417 Fed. Appx. at *2. Here, Defendants do not suggest that Dr. Haldar raised new arguments in her reply brief and have not made any showing that requires the Court to deviate from the rule that surreplies are not the exception to the rule. Perhaps most importantly, Defendants have not demonstrated that the filing of the proposed surreply would have any bearing on the claims that are still live before this Court. Defendants seek not only to introduce the fact of the grievance committee decision, but the report itself into the record on the Motion for Reconsideration. DE 57 ¶ 6. Defendants' only argument in their motion for leave to file a surreply as to why the report should be considered is a single conclusory sentence: "Defendants believe that the Faculty Grievance Panel's report and recommendations are directly relevant to Plaintiff's claims in her Emergency Motion for Reconsideration and that this Court should be afforded the benefit of reviewing them, as set forth in Defendants' proposed Sur-Reply." *Id.*[1] Defendants do not

---

[1] The proposed sur-reply does not have any more fulsome argument as to why the contents of the grievance report are relevant to the Motion for Reconsideration, stating only: "These findings demonstrate the Plaintiff's claims in her PI Motion and Emergency Motion for Reconsideration wholly lack merit and should not be revisited." DE 57-1 at 3.

3

identify *how* the report is relevant to the claims advanced by Plaintiff's motion or even to which claims the report might relate. To the extent the Defendants introduce the report in an attempt to suggest that this Court should adopt the conclusions contained therein, this Court cannot substitute the judgment of the grievance committee—operating in a secretive process where Dr. Haldar was not provided any of the information the committee was considering or a chance to respond to that information—for its own legal analysis. The contents of the faculty grievance report have no bearing on the legal questions Plaintiff raised in her Motion for Reconsideration.

      The only argument related to the faculty grievance committee has been mooted by Notre Dame's actions in the time since Dr. Haldar filed her motion; the information Defendants now seek to introduce is irrelevant. Because the surreply has no bearing on the arguments that are not moot, Defendants' Motion for Leave should be denied.[2]

---

[2] Should the Court grant Defendants' motion, Plaintiff requests the right to file a surrebuttal to the surreply to address the new information Defendants seek to put before the Court.

Dated: March 17, 2025

                        Respectfully submitted,

                        KASTURI HALDAR

By: /s/   *Naomi R. Shatz*

Sandra L. Blevins, Atty. No. 19646-49
Courtney E. Endwright, Atty. No. 30557-49
BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: sblevins@betzadvocates.com
cendwright@betzadvocates.com
litigation@betzadvocates.com

Naomi R. Shatz*
Niamh Gibbons*
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
nshatz@zalkindlaw.com
ngibbons@zalkindlaw.com

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

     I certify that on March 17, 2025 I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF.

                        /s/   *Naomi R. Shatz*
                        Naomi R. Shatz