UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KASTURI HALDAR,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF NOTRE DAME DU LAC, et al.,<br><br>　　Defendants. | Case No. 3:24-CV-836-CCB-SJF |

# **ORDER**

On March 26, 2025, this Court entered an order granting Defendants' motion for leave to file a sur-reply in opposition to Plaintiff's Emergency Motion for Reconsideration now pending. (ECF 63). In that same order, Plaintiff was granted leave to file a surrebuttal, if filed no later than April 2, 2025. (*Id*. at 2). The Court explicitly stated that "[n]o further briefing of Plaintiff's motion for reconsideration (ECF 36) will be considered." (ECF 63 at 2).

On March 28, 2025, Plaintiff filed her Motion for Leave to File Supplemental Memorandum in Support of her Motion for Reconsideration. (ECF 66). Plaintiff filed redacted versions of her proposed supplemental memorandum and exhibits (ECF 68-1 through 68-3) along with unredacted versions under seal (ECF 65, 65-1 through 65-3). Plaintiff then filed a consent motion to seal the unredacted versions. (ECF 67).

"A court considers such a motion for additional briefing on the basis of how helpful the new information will be in making a decision on the underlying motion."

*Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009); *see also Am. Com. Barge Line LLC v. Anthony*, Case No. 4:18-cv-00069-TWP-DML, 2019 WL 4572797, at *4 (S.D. Ind. Sept. 20, 2019) (granting leave to file supplemental memoranda that apprised the court of "subsequent developments in the parties' dispute" after the pending motion was fully briefed without any "attempt to provide additional or duplicative arguments" to the fully briefed motion). Through her proposed supplemental memorandum, Plaintiff seeks to inform the Court of Defendant University of Notre Dame's actions with regard to Plaintiff's graduate student since the motion for reconsideration was fully briefed. Plaintiff contends that these new facts demonstrate that Notre Dame did not comply with its representations to the Court in its briefing of the instant motion thereby buoying her argument in the motion for reconsideration that failure to grant the requested preliminary injunction would cause her and her graduate student irreparable harm. As a result, Plaintiff's proposed supplemental memorandum presents a duplicative argument even if based on additional facts. *See id.* As such, Plaintiff has not provided the Court with any reason to deviate from its previous order prohibiting additional briefing related to the pending motion for reconsideration.

Accordingly, Plaintiff's motion for leave to file a supplemental memorandum is **DENIED**. (ECF 66). Plaintiff may still file a surrebuttal as previously ordered. (*See* ECF 63 at 2).

Plaintiff has, however, demonstrated good cause to maintain portions of the proposed supplemental memorandum and exhibits under seal without objection by Defendants. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943,

2

944 (7th Cir. 1999). Accordingly, Plaintiff's motion to seal the unredacted versions is **GRANTED**. (ECF 67). The Clerk is **DIRECTED** to maintain the unredacted versions of Plaintiff's proposed supplemental memorandum and exhibits under seal. (ECF 65, 65-1, 65-2, 65-3).

SO ORDERED on April 1, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT