# *EXHIBIT 1*

# *Calvente v. DePaul University, et al. Dkt. 21*

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Lisa Calvente

                 Plaintiff,

v.                                                    Case No.: 1:20–cv–03366
                                                      Honorable John Robert Blakey

Salma Ghanem, et al.

                 Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 1, 2020:

      MINUTE entry before the Honorable John Robert Blakey: Defendants' motion to enforce confidentiality order [19] is denied. In their motion, Defendants seek to use the parties' confidentiality order, [18], to force Plaintiff to withdraw the exhibits attached to her complaint, which relate to Defendants' tenure process generally and to the particular tenure decision made in Plaintiff's case. Initially, the parties' confidentiality order expressly provides, in paragraph 1, entitled "scope": "All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below."). [18] at 1. Exhibits attached to Plaintiffs' complaint (filed before discovery commenced) necessarily fall outside the scope of the confidentiality order; this is so even if those same documents would fall within the scope if produced by Defendants in discovery today. See, e.g., Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002) (noting that the standards for secrecy at the discovery stage are less stringent that the standards for sealing documents that are made part of the judicial record and that documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long–term confidentiality."). Although the Seventh Circuit in E.E.O.C. v. Univ. of Notre Dame Du Lac, 715 F.2d 331, 337 (7th Cir. 1983), recognized the importance confidentiality plays in the academic tenure review process, the court also recognized that "if an academic freedom privilege could be used to totally prohibit disclosure of tenure review records, the privilege could be used as a shield to hide evidence of discrimination." The Supreme Court rejected such a blanket privilege, Univ. of Pennsylvania v. E.E.O.C., 493 U.S. 182 (1990), and nothing in Defendants' motion justifies sealing the particular exhibits attached in this case to Plaintiff's complaint. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# *EXHIBIT 1*

# *Calvente v. DePaul University, et al. Dkt. 43*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| LISA CALVENTE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: 1:20-cv-03366 |
| **v.** | ) | |
| | ) | Judge John Robert Blakey |
| **SALMA GHANEM and DEPAUL** | ) | |
| **UNIVERSITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL THEIR MEMORANDA IN SUPPORT OF THEIR COMBINED MOTION FOR SUMMARY JUDGMENT, <u>RULE 56.1 STATEMENTS OF FACTS, AND SUPPORTING EVIDENCE</u>

Defendants, DePaul University and Salma Ghanem, by and through their undersigned attorneys, file this Motion for Leave to File Under Seal Defendants' Memoranda in Support of Their Combined Motion for Summary Judgment, Rule 56.1 Statement of Facts, and Supporting Evidence. In support thereof, the Defendants state as follows:

1.      Pursuant to Local Rules 5.8 and 26.2, Defendants request leave to file under seal their Memoranda in Support of their Combined Motion for Summary Judgment, Rule 56.1 Statement of Facts, and supporting evidence, and responsive and reply submissions related thereto. These materials contain personal confidential information of non-parties, the identities of individuals involved in the tenure reviews of Plaintiff and other current and former non-party faculty members of the University as well as confidential information and communications relating to those tenure reviews, all of which is covered under the terms of the Confidentiality Order entered by this Court on September 14, 2020 (the "Confidentiality Order"). (Dkt. No. 18.)

2.     Pursuant to Paragraph 7 of the Confidentiality Order, a party must file a motion with this Court for leave to file confidential and proprietary documents under seal, and/or with confidential information redacted.

3.     During discovery, Defendants produced an extensive volume of documents regarding faculty in DePaul University's College of Communication, and other academic units at DePaul, including information relating to the probationary review and tenure review of such faculty.  Indeed, DePaul University produced full tenure files, and materials and communications associated therewith, of five faculty members who are not parties to this action, as well as materials and communications related to the probationary review of another faculty member.  In addition, Plaintiff sought complaint files filed by, or involving, current and former employees who are not parties to this suit.  Some of these files, communications and other documents also refer to Social Security Numbers and medical information of non-parties.

4.     Paragraph 2 of the Confidentiality Order provides that certain personal and personnel information is deemed confidential.   In support of their Combined Motion for Summary Judgment, refer to and will file documents that contain the type of information protected by paragraph 2, including "… (d) medical information concerning any individual; (e) personal identity information; … (g) personnel or employment records of a person who is not a party to the case, including but not limited to probationary reviews, tenure files, complaint files, and internal investigations of complaints; (h) documents related to the internal review of tenure applications, tenure decisions, and appeals of tenure decisions, including but not limited to information regarding the identity and personal information of any reviewer, committee member,

or other individual who was asked to review and/or make a recommendation related to an application for tenure, and all internal communications regarding review of tenure applications and appeals of tenure decisions…[.]".  (Dkt. No. 18, at PageID # 385.)

5.      Pursuant to the Confidentiality Order and Local Rules 5.8 and 26.2, Defendants seek to file under seal their Memoranda in Support of their Combined Motion for Summary Judgment, their Joint Rule 56.1 Statement of Facts, and their supporting evidence in order to protect this personal confidential information from public disclosure, as well as any such information contained in their respective responsive and reply papers related to the Motions for Summary Judgment.  *E.g.*, *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (recognizing that disclosure of nonparty employees' personnel files would constitute an invasion of privacy); *Little v. Mitsubishi Motor Manuf. Of America, Inc.*, No. 04-1034, 2006 WL 1554317 (C.D. Ill. June 5, 2006) (recognizing a privacy interest in the social security numbers, phone numbers, etc. of non-party employees); *see also Poe v. I.P.T.C. Indy Go*, No. 1:07-cv-1571-SEB-TAB, 2009 WL 425001 (S.D. Ind. Feb. 18, 2009) (granting motion to seal exhibits containing sensitive personnel matters).  In addition, courts in the Seventh Circuit recognize that even though tenure materials are not privileged from disclosure to parties, such materials are nevertheless appropriately considered confidential, and/or may be protected from public disclosure.  *See Haynes v. Indiana Univ.*, No. 115CV01717LJMDKL, 2017 WL 2903367, at *9 (S.D. Ind. July 7, 2017) (granting confidentiality of academic tenure-review deliberations); *Levitin v. Northwest Community Hospital*, 2014 WL 5510949, *4 (N.D. Ill. Oct. 31, 2014) (recognizing confidentiality of peer review documents); *Blasdel v. Northwestern University*, Case No. 1:09-

3

cv-05576 (N.D.Ill. Nov. 19, 2010) (minute order (Dkt. No. 60), allowing university to file tenure materials in redacted form after briefing, as set forth in Dkt. Nos. 52, 56, 59); *Estate of Rundel ex. Rel McBride v. Kane*, 2008 WL 4630344, *1-2 (W.D. Wis. Jan. 31, 2008) (ordering peer review material to be maintained in confidence and sealed); *Schneider v. Northwestern Univ.*, 151 F.R.D. 319 (N.D. Ill. 1993) ("This Court cannot conclude that the finding of no privilege in *University of Pennsylvania v. E.E.O.C*, 493 U.S. 182 (1990) obviates the various confidentiality concerns addressed in *E.E.O.C. v. University of Notre Dame du Lac*, 715 F.2d 331 (7th Cir. 1983)).

6.    Paragraph 4 of the Confidentiality Order further provides that deposition testimony relating to the confidential information protected in paragraph 2 may be designated as "confidential."  *See also* Dkt. No. 38 (denying without prejudice Plaintiff's Motion to Challenge Designation of Discovery as Confidential).  In support of their Joint Motion for Summary Judgment, and attendant and responsive papers, Defendants will be referring to and filing deposition testimony that contains the type of information protected by paragraph 2, as set forth above.  Pursuant to the Confidentiality Order and the cases cited in paragraph 5 of this Motion, in order to protect the confidentiality of the tenure decision-making process as well as private personnel information related to non-parties, Defendants seek to file such information under seal and/or in redacted form.

7.    The parties have conferred about this Motion, and do not agree.

WHEREFORE, Defendants DePaul University and Salma Ghanem respectfully request that this Court grant them leave to file under seal and/or in redacted form, their Memoranda in Support of their Combined Motion for Summary Judgment, their Joint Rule 56.1 Statement of Facts, and their supporting evidence, along with any responsive and reply papers related thereto.

Dated: November 19, 2020

Respectfully submitted,

By: */s/ Anneliese Wermuth*
           Attorney for Defendants, Salma Ghanem
           and DePaul University

Anneliese Wermuth (#6270970)
Nandini K. Sane
Cozen O'Connor
123 N. Wacker Drive, Ste. 1800
Chicago, IL 60606
Telephone:    312/474-7876
Email: awermuth@cozen.com
Email: nsane@cozen.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 19, 2021 she electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the ECF system, which will send notification of such filing to the following counsel of record:

> Fitzgerald T. Bramwell
> Law Offices of Fitzgerald Bramwell
> 77 West Wacker Drive, Suite 4500
> Chicago, IL 60601
> bramwell@fitzgeraldbramwell.com

*s/ Anneliese Wermuth*
Anneliese Wermuth

# *EXHIBIT 1*

# *Calvente v. DePaul University, et al. Dkt. 58*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| Lisa Calvente )<br>          Plaintiff, )<br>v. )<br>    )<br>Salma Ghanem, and )<br>DePaul University )<br>          Defendants. )<br>_____) | No. 20–cv–3366 |

**Lisa Calvente's Response and Objection To Defendants' Motion For Leave To File Under Seal Their Memoranda In Support Of Their Combined Motion For Summary Judgment, <u>Rule 56.1 Statements Of Facts, And Supporting Evidence</u>**

Lisa Calvente ("Dr. Calevnte") responds and objects to the Defendants' Motion For Leave To File Under Seal Their Memoranda In Support Of Their Combined Motion For Summary Judgment, Rule 56.1 Statements Of Facts, And Supporting Evidence (the "Motion") (Docket No. 43) with respect to the materials they have filed as Docket Nos. 46–55. In support of this response, Dr. Calvente states as follows:

<u>Facts and Procedural History</u>

At issue in this case is Salma Ghanem's ("Dr. Ghanem") decision to retaliate and to discriminate against Dr. Calvente's by denying her application for tenure and promotion after DePaul's University Board of Promotion and Tenure (the "UBPT") recommended that Dr. Calvente receive this status. Why does Dr. Calvente believe she was the victim of retaliation, particularly when Dr. Ghanem had previously saved Dr. Calvente's job after Dr. Calvente lost two retention votes? (*Cf.* Docket No. 46 at pages 6–7.) Critical evidence comes from of a meeting that occurred immediately prior to Dr. Ghanem's accension from dean of the College of Communications to provost of DePaul University.

In October 2018—while the tenure and promotion process was ongoing—Dr. Calvente and Dr. Ghanem met to discuss racial microaggressions within the College of Communications. During that conversation, the discussion turned to Dr. Ghanem's decision not to renew the contract of a tenure–track (but untenured) white faculty member in the College of Communication. Dr. Ghanem told Dr. Calvente that she had heard a rumor that she had terminated this white male so that she could later terminate faculty of color. Dr. Calvente responded that she had actually written a letter to that effect in support of the white male faculty member. Dr. Ghanem then ushered Dr. Calvente out of her office, and the two never had another substantive conversation. Dr. Ghanem was promoted to provost a short time later, and she then (ab)used her power as the final arbiter of who receives tenure to reject the UBPT's recommendation that Dr. Calvente receive tenure.

The defendants have moved for summary judgment arguing, *inter alia*, that Dr. Calvente received a thorough evaluation, that there is no reason to overturn that evaluation, and that Dr. Calvente was not the victim of racism or retaliation in any way, shape, or form.[1] To support this argument, the defendants have introduced more than 150 megabytes of files that they believe support their narrative that Dr. Calvente received a fair hearing at all levels of the tenure and promotion process. Thus, the defendants have intentionally injected material into a record that is presumably public. Why, then, do they request leave to file under seal? The defendants claim that it

---

[1]     For avoidance of doubt, Dr. Calvente rejects the defendants arguments, and looks forward to identifying the evidence that compels the opposite result, including (i) an analysis of Dr. Ghanem's decision to grant tenure to a white professor whose file was objectively worse that Dr. Calvente's file, who the UBPT rejected by vote of 6–1, but who did not have a record of making race–based complaints, (ii) the opinion of an expert witness, who opined that Dr. Calvente's ability to get a tenure track job at a more prestigious university is evidence that something foul happened during DePaul's process, and (iii) certain objective metrics demonstrating Dr. Calvente excellence in teaching.

is to protect the privacy rights of non–parties. However, as discussed *infra*, no privacy rights are implicated by the defendants' filings in support of their motion for summary judgment.

<u>**Argument**</u>[2]

There is a presumptive right of public access to documents that form the basis of the Court's decision. *See, e.g., Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (collecting cases). Why? Because "[w]hen [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Accordingly, "most portions of discovery that are filed and form the basis of judicial action must eventually be released[.]" *Id.* Thus, while secrecy may be fine at the discovery stage, once a party requests that the Court consider that discovery as part of its deliberative process, there is a presumption of public access. *See Goesel*, 738 F.3d at 833 ("The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties").

Dr. Calvente would have been happy to have a jury to resolve this matter, *as opposed to* taking the step that has become standard in employment discrimination suits: defendant-employers now typically file an extensive record (sometimes asking large portions of it to remain under seal, no less) and then ask the court to issue judgment in their favor by declaring that there are no is-

---

[2]    The defendants have also failed to comply with Local Rule 26.2(c), which states that any party wishing to file a document under seal must (i) provisionally file the document electronically under seal, and then (ii) file, at the same time, a public–record version of the sealed document. Based on Dr. Calvente's review of the docket, the defendants appear to have only filed public–record versions of their papers and they have not provisionally filed anything under seal. This means that even this Court cannot review their filing. Accordingly, the Court could strike the defendants' memorandum in support of their motion for summary judgment and also the defendants' local rule 56.1 statement and supporting documents.

sues for trial. *E.g., Ford v. Lumbermens Mut. Cas. Co.*, 197 F.R.D. 365, 367 (N.D. Ill. 2000) (the use of dispositive motions is "particularly common in employment discrimination cases.") Like many employer–defendants, DePaul and Dr. Ghanem have chosen to exercise their rights under Rule 56. Thus, (i) DePaul and Dr. Ghanem have asked the Court to consider the materials that they injected into the public record for the Court to use in its deliberative process, and (ii) none of the materials that DePaul and Dr. Ghanem have filed have simply "crept into the record." *Cf. Goesel*, 738 F.3d at 833. Rather, all of the materials associated with the dispositive motion were deliberately thrust into the proverbial spotlight because DePaul and Dr. Ghanem believe that they are essential to this Court entering judgment without a trial.

DePaul's and Dr. Ghanem's request for secrecy at this stage of the proceedings—particularly given that it is they who initiated the summary judgment process—is inconsistent with the teachings of *Goesel*. By way of example, throughout their statement of facts, DePaul and Dr. Ghanem redact the very name of witness who was deposed and whose testimony they reference in support of their dispositive motion. (*E.g.*, Docket No. 47 at ¶¶15, 28, 35, 105, 125, 128.) On what basis can a party refuse to disclose even the identity of the person on whose testimony it believes is necessary to support a judgment, even a summary one? By way of another example, DePaul and Dr. Ghanem have redacted a document that Dr. Calvente attached as an exhibit to her complaint. (*See* Docket No. 49–2.) On what basis can they do this? (*See* Docket No. 18 at ¶2 ("Information or documents that are available to the public may not be designated as Confidential Information").) Other information that DePaul and Dr. Ghanem have redacted can be easily (i) found within Dr. Calvente's complaint, and (ii) made public because they concern events about which Dr. Calvente

had first-hand knowledge before these proceedings even began.[3] So what purpose do the super-majority of the defendants' redactions serve? None.

Notwithstanding the foregoing, DePaul and Dr. Ghanem highlight that much of the information that they seek to file under seal was properly designated as confidential under the Court's confidentiality order. Therefore, according to the defendants, they should be permitted to maintain the confidential nature of that information throughout these proceedings. But while Dr. Calvente acknowledges that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record," *see Baxter Inter'l v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002), the pending motion for summary judgment takes the parties beyond that point. Accordingly, now that discovery is closed and a party is requesting this Court to review the record developed during discovery, secrecy is no longer appropriate.

As the Seventh Circuit has explained, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Id.* at 547 *citing Union Oil Co*, 220 F.3d 562 (7th Cir. 2000). Or, extending *Baxter* court's admonition to the facts of this case, it is easy to see why DePaul would like to keep private (for example) information concerning Dr. Ghanem's treatment of a minority professor who complains about discrimination (yet who was recommended to receive tenure by a vote of 4-3) versus Dr. Ghanem's treatment of a professor to whom she granted tenure against the strong (6-1) recommendation that this professor

---

[3]      Out of an abundance of caution, Dr. Calvente is not identifying the information about which she had first-hand knowledge prior to these proceedings. However, she is prepared to share this information with the Court at the hearing on the Motion, which is scheduled for presentment on December 2, 2021.

not receive that status. (*See* Docket No. 50–5 at page 72, pages 67–69, PAGE ID# 1564–66.) But that is not good reason for keeping information related to a dispositive motion under seal:

> [D]*ispositive* documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature [who write the law concerning employment discrimination] but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing. These are among the reasons why very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed.

*Id.* at 546 (emphasis in the original, brackets added).

Just so here. If DePaul is entitled to maintain critical documents under seal, how are DePaul students (who pay significant amounts of tuition to be taught by faculty, the retention of whom is at issue in this case) to know what is going on? There is certainly interest in these proceedings as reflected by the seven articles in DePaul's student newspapers concerning the termination of Dr. Calvente's employment. (*See* Docket No. 20 at page 2.) How is the academy, generally, to learn from this case so as to avoid violating the civil rights of the next professor who complains about discrimination?

Most importantly, DePaul *must* believe the documents that it filed in support of its own motion for summary judgment are not only relevant but that they are dispositive. Otherwise, it should not have filed them. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a . . . written motion, or other paper . . . an attorney . . . certifies that . . . it is not being presented for any improper purpose, such as to . . . cause unnecessary delay, or needlessly increase the cost of litigation"). And if DePaul believes these documents to be critical to the Court's deliberative process, then they should be public.

## Conclusion

During the course of these proceedings, the Court has emphasized that the mere fact that documents relate to tenure does not shield them from public disclosure. (*See* Docket No. 21, citing *Univ. of Pennsylvania v. E.E.O.C.*, 493 U.S. 182 (1990), and denying DePaul's motion to seal certain portions of Dr. Calvente's complaint.) Further, given the procedural posture of this case, we are beyond the point where a party can simply designate documents as confidential to keep them out of the public eye. Finally, any privacy interests that existed during the discovery process are particularly diminished given (i) the presumptive publicity that comes with using documents to seek a judgment, and (ii) DePaul has intentionally injected documents into the public record by making the affirmative choice to file a motion seeking summary judgment.

WHEREFORE, Dr. Calvente respectfully requests that the Court (i) deny the Defendants' Motion For Leave To File Under Seal Their Memoranda In Support Of Their Combined Motion For Summary Judgment, Rule 56.1 Statements Of Facts, And Supporting Evidence, (ii) strike the defendants' filings at Docket Nos. 46–55, which do not comply with Local Rule 26.2 in any case, (iii) order the defendants to withdraw their dispositive motion or file unredacted papers in support of it, and (iv) grant her any additional relief that may be just, equitable, or appropriate.

Respectfully submitted,  
November 21, 2021

/s/ *Fitzgerald T. Bramwell*  
Fitzgerald T. Bramwell  
LAW OFFICES OF FITZGERALD BRAMWELL  
77 West Wacker, Suite 4500  
Chicago, Illinois 60601  
312–924–2884 (voice)  
bramwell@fitzgeraldbramwell.com

**<u>Certificate of Service</u>**

The undersigned, an attorney, certifies that on November 21, 2021, he caused the foregoing Lisa Calvente's Response and Objection To Defendants' Motion For Leave To File Under Seal Their Memoranda In Support Of Their Combined Motion For Summary Judgment, Rule 56.1 Statements Of Facts, And Supporting Evidence to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Accordingly, service will be accomplished through CM/ECF on the following counsel of record:

Anna Wermuth, Esq.
Cozen O'Connor, P.C.
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
awermuth@cozen.com
*Counsel for Defendants*

*/s/ Fitzgerald T. Bramwell*
Fitzgerald T. Bramwell
**LAW OFFICES OF FITZGERALD BRAMWELL**
77 West Wacker, Suite 4500
Chicago, Illinois 60601
312–924–2884 (voice)
bramwell@fitzgeraldbramwell.com

*EXHIBIT 1*

*Calvente v. DePaul University, et al.
Dkt. 64*

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Lisa Calvente

                    Plaintiff,

v.                                        Case No.: 1:20−cv−03366

                                        Honorable John Robert Blakey

Salma Ghanem, et al.

                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, December 2, 2021:

      MINUTE entry before the Honorable John Robert Blakey: The Court grants Defendants' motion for leave to file under seal [43]. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.