# EXHIBIT 2

# Blasdel v. Northwestern Univ.
# Dkt. 56

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISABELLE BLASDEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:09-cv-5576 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ISABELLE BLASDEL'S MOTION TO RECONSIDER THIS COURT'S RULING ON NORTHWESTERN UNIVERSITY'S MOTION FOR LEAVE TO FILE UNDER SEAL DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, RULE 56.1 STATEMENT OF FACTS, AND SUPPORTING EVIDENCE**

Plaintiff Isabelle Blasdel, by and through her attorneys, files her Motion to Reconsider this Court's Ruling on Northwestern University's Motion for Leave to File Under Seal Defendant's Memorandum in Support of its Motion for Summary Judgment, Rule 56.1 Statement of Facts, and Supporting Evidence. In support thereof, Plaintiff states as follows:

**I.      Procedural History**

In this case, Plaintiff is suing Northwestern University, alleging that she was denied tenure due to her sex in violation of Title VII of the Civil Rights Act.

On February 8, 2010, this Court entered a Protective Order on the agreed motion of the parties. Said Protective Order provides for the procedures to be employed regarding confidential information disclosed during discovery in this matter. The Protective Order specifically provides that "[n]o documents may be filed under seal absent a motion, filed and noticed for hearing by

the party who wishes to have sealed such Confidential Information, showing good cause for sealing a portion of the record in the case." (Protective Order, para. 6b.)

Defendant intends to file a Motion for Summary Judgment and supporting materials in this matter. In this regard, on October 25, 2010, Defendant filed its motion for leave to file its summary judgment materials under seal (Document #50). Defendant represented to the Court that the motion to file under seal was "unopposed." This representation was untrue, as defense counsel unequivocally knew that Plaintiff's counsel opposed the motion for leave to file documents under seal. After being asked to correct the misrepresentation, Defendant then filed a revised motion (Document #52) but neglected to mark either the notice of motion or the second motion for leave to file documents under seal as "corrected" and failed to affirmatively alert the Court that the motion was, in fact, contested. This Court, being improperly advised, entered an Order on October 27, 2010, granting Defendant's motions (Documents #50 and #52) for leave to file documents under seal and struck the hearing set for October 28, 2010 without Plaintiff's objections being heard.

Plaintiff respectfully requests that the Court reconsider and deny the Defendant's motion to file documents under seal. It is an improper request, designed to subvert the public nature of judicial proceedings.

## II.     Defendant has Not Met it's Burden to Justify Filing Under Seal

Defendant wishes to file its entire memorandum of law in support of its summary judgment motion and all supporting materials under seal, shielded from public access. The request is contrary to well established law. Case law and public policy clearly and consistently demand that litigation be conducted in the public to the maximum extent. *See, e.g., Press-*

*Enterprise Co. v. Superior Court,* 478 U.S. 1, 10-13 (1986) (holding that members of the news media had a First Amendment right of access to the transcript of a preliminary hearing growing out of a criminal prosecution); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978) (recognizing the common law right of public access to judicial records). Filing documents under seal is the exception, not the rule:

> The public's right of access to court proceedings
> is well-established. *Press-Enterprise Co. v. Superior Court,*
> 464 U.S. 501, 78 L.Ed. 2d 629, 104 S.Ct. 819 (1984); *Nixon v.
> Warner* Communications, 435 U.S. 589, 55 L.Ed.2d 570,
> 98 S.Ct. 1306 (1978). Public scrutiny over the court system
> Serves to (1) promote community respect for the rule of law,
> (2) provide a check on the activities of judges and litigants,
> and (3) foster more accurate fact finding. *Richmond
> Newspapers, Inc. v. Virginia*, 448 U.S. 555, 65 L.Ed.2d 973,
> 100 S.Ct. 2814 (1980). Though its original inception was
> in the realm of criminal proceedings, the right of access
> has since been extended to civil proceedings because
> the contribution of publicity is just as important there. *Smith v.
> United States Dist. Court*, 956 F.2d 647, 650 (7th Cir. 1992).
> In fact, mistakes in civil proceedings may be more likely to
> inflict costs upon third parties, therefore meriting even more
> scrutiny. *Richmond Newspapers,* 448 U.S. at 596
> (Brennan, J., concurring).

*Grove Fresh Distribs. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir. 1994).

The burden is on the party seeking the protection, here, Defendant, to show why such protection is necessary. Fed. R.Civ.P. 26(c); *Perry v. National City Bank*, No. 05-cv-891-DRH, 2008 WL 427771 at *1 (S.D. Ill. Feb. 14, 2008); *Club v. Franklin County Power of Illinois*, No. 05-4095-JPG, 2006 WL 1389014 (S.D. Il. May 19, 2006)[1]. For example, the existence of a statute or privilege could justify the need for protection. In *United States v. Foster*, 564 F.3d

---

[1] All Unpublished Westlaw Opinions Attached Herein as Exhibit A.

3

852, 853 (7th Cir. 2009), the Court stated:

> Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies the nondisclosure. This court explained in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002), that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record. See *Sea Mattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed2d 17 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. (Citations omitted.)

Defendant herein has identified neither a statute nor recognizable privilege to support its request. Defendant tries to assert an academic privilege, one that has been soundly rejected by the United States Supreme Court. In support of its argument that it is appropriate to file documents under seal, Defendant twice cites to *E.E.O.C v. University of Notre Dame du Lac*, 715 F.2d 331 (7th Cir. 1983) for the proposition that there is an "academic review privilege that protects from disclosure the types of information which the University seeks to file under seal." However, that is no longer good law. The United States Supreme Court subsequently expressly refused to create a new common law privilege protecting records relating to the peer review process in tenure decisions. *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182 (1990). Materials relating to summary judgments in addressing tenure decisions are routinely filed in the public domain. *See, e.g., Adelman-Reyes v. St. Xavier Univ.*, 500 F.3d 662 (7th Cir. 2007) (religious discrimination); *Lim v. Trs. Of Ind. Univ.*, 297 F.3d 575 (7th Cir. 2002) (gender discrimination); *Sun v. Bd. Of Trs.*, 473 F.3d 799 (7th Cir. 2007) (national origin discrimination).

The realm of content that might be considered as needed the protection of a "Court seal" is a small universe. For example, in *Union Oil Company of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000), the Court noted:

> Ever since *Continental Illinois*, we have insisted that only genuine trade secrets, or information within the scope of a requirement such as Fed.R.Crim.P 6(e)(2) ("matters occurring before the grand jury"), may be held in long-term confidence.

Defendant has identified nothing rising to the level of a trade secret. Nor, for that matter, has it addressed any information relating to a grand jury or similar proceeding.

Again, the Protective Order entered by this Court expressly provides that "[n]o documents may be filed under seal absent a motion, filed and noticed for hearing by the party who wishes to have sealed such Confidential Information, *showing good cause* for the sealing a portion of the record in the case." (emphasis added). Defendant has failed to meet its burden. While the parties agreed to maintain the confidentiality of certain categories of documents produced in the course of discovery and not to use the documents for purposes unrelated to the litigation, the parties expressly did not agree that confidential materials would then be filed under seal. Now that Defendant is contemplating filing documents with the Court in support of its motion for summary judgment, those documents properly belong in the public forum and will form the basis of the Court's decision. *Citizens First Nat'l. Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, (7th Cir. 1999)(noting that documents deemed confidential during discovery process are not thereby entitled to a seal and further noting that the district judge is duty-bound to review a request for seal to determine whether the privacy interests of a litigant override the public interest which is a high standard).

5

**III.     Conclusion**

Defendant has not set forth any legal or factual authority supporting its request that its summary judgment motion, in its entirety, be filed under seal.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its ruling on Defendant's motion to file certain documents under seal and deny the motion.

                              Respectfully submitted,

                By:     /s/ Lori D. Ecker
                         Attorney for Plaintiff

Lori D. Ecker
Law Office of Lori D. Ecker
120 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312/855-1880
loriecker@ameritech.net
Registration No. 6183063

M. Megan O'Malley
O'Malley & Madden, P.C.
542 S. Dearborn St., Ste. 660
Chicago, IL 60605
312/697-1382
office@ompclaw.com
Registration No. 6243598

# EXHIBIT 2

# Blasdel v. Northwestern Univ.
# Dkt. 59

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ISABELLE BLASDEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:09-cv-5576 |
| v. ) | |
| ) | Judge Charles P. Kocoras |
| **NORTHWESTERN UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |

**NORTHWESTERN UNIVERSITY'S RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER THIS COURT'S RULING ON NORTHWESTERN
UNIVERSITY'S MOTION FOR LEAVE TO FILE UNDER SEAL DEFENDANT'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT,
RULE 56.1 STATEMENT OF FACTS, AND SUPPORTING EVIDENCE**

Defendant Northwestern University (the "University"), by and through its attorneys, respectfully submits the following response in opposition to Plaintiff Isabelle Blasdel's ("Plaintiff") Motion to Reconsider this Court's Order granting the University leave to file under seal its Motion for Summary Judgment, Rule 56.1 Statement of Facts, and supporting evidence.

**I.    ARGUMENT**

In its motion for leave to file under seal, the University sought to file under seal in order to maintain the confidentiality of two types of information – (1) the personal and employment information of non-parties, and (2) the identities of non-parties who participated in the tenure reviews of University faculty, including both University faculty members who served on peer-review committees and non-University employees from whom opinions were solicited regarding faculty tenure applications, along with the views expressed by both categories of peer-reviewers. Good cause exists to allow the University to file under seal or, in the alternative to redact confidential information pertaining to both categories. The Court granted this request,

presumably after giving due consideration to the type of information sought to be excluded from public disclosure.[1]

In her motion for reconsideration,[2] Plaintiff does not even attempt to address the first category – the private personal and employment information of non-parties. While there is a presumption of public access to judicial records, that presumption is not absolute. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). The private, personal information of non-party current and former employees of a defendant is just the type of information that courts view as confidential and allow to be maintained under seal. *See, e.g., Little v. Mitsubishi Motor Manuf. Of America, Inc.*, No. 04-1034, 2006 WL 1554317 (C.D. Ill. June 5, 2006) (recognizing a privacy interest in the social security numbers, phone numbers, etc. of non-party employees); *see also Poe v. I.P.T.C. Indy Go*, No. 1:07-cv-1571-SEB-TAB, 2009 WL 425001 (S.D. Ind. Feb. 18, 2009) (granting motion to seal exhibits containing sensitive personnel matters).

With its motion for leave to file under seal, the University is attempting to protect this type of private information from public disclosure. In its motion, the University will be forced to disclose private employment information of non-parties, including instances where it has denied the tenure applications of non-party faculty members (and in many cases terminated their employment) and the reasons for those denials. While such information is relevant to the University's efforts to rebut Plaintiff's claim of discrimination, there is little reason to disclose

---

[1] While Plaintiff attempts to suggest that the University acted improperly and/or that the Court was confused after the University filed the motion first as "unopposed" and then re-flied the motion without the "unopposed" designation. Given that the Court referenced both docket entries in its Order, presumably the Court was apprised of the fact that the University's Motion was opposed.

[2] A motion for reconsideration is proper only where there has been a change in the law or a change in the facts. *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Plaintiff asserts neither as a rationale for this Court to reconsider its prior decision.

such personal employment details to the public at large. At the very least, the University should be allowed to file a redacted brief, statement of fact and supporting evidence to protect the identities of these non-party faculty members such that the public's interest in reviewing court proceedings is maintained but the privacy interests of non-parties is not infringed upon. *See, e.g., Little,* 2006 WL 1554317 at *4 (quoting *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Although Plaintiff entirely neglects to mention the personal employment information of non-parties, she does address the second category of information for which the University seeks protection – the identities of non-parties who participated in the tenure reviews of University faculty, and the views expressed by those reviewers. Here, Plaintiff relies on *University of Pennsylvania v. E.E.O.C*, 493 U.S. 182 (1990) for the alleged proposition that *E.E.O.C. v. University of Notre Dame du Lac*, 715 F.2d 331 (7th Cir. 1983), a case relied upon by the University in its motion for leave to file under seal, is not good law and, accordingly, this Court may not seal records which pertain to tenure evaluations.

Plaintiff's position is incorrect, as she attempts to read too much into *University of Pennsylvania*. While that case stands for the proposition that there is no common law privilege against the disclosure of tenure-review materials to *opposing parties* in the context of an EEOC proceeding, it does not, as Plaintiff contends, stand for the proposition that there is no privacy interest in such information or that the identities of peer-reviewers may not be kept confidential from the public at large so long as they are disclosed to opposing litigants. *See Univ. of Pennsylvania*, 493 at 192-94. Indeed, *University of Notre Dame* recognized a strong interest in the confidentiality of the tenure review process, specifically the confidentiality of the identities of peer-reviewers and their opinions that promotes candor and objectivity in their assessments of

tenure candidates, *Univ. of Notre Dame*, 715 F.3d at 336, and *University of Pennsylvania* specifically refused to question the assertion that confidentiality is an important part of the peer review process under which may Universities operate. *Univ. of Pennsylvania*, 493 U.S. at 192-93.

*University of Pennsylvania* simply held that any such interest in confidentiality was not sufficient to necessitate a privilege from disclosure to a federal investigative agency (which has its own rules about the prohibition of public disclosure of information it receives in the course of its investigation) where that information was relevant to the claims at issue. *See Univ. of Pennsylvania*, 493 U.S. at 193-94. The University does not dispute this point and has, in fact, provided Plaintiff with reams of documents relating to her own tenure evaluation and the tenure evaluations of upwards of 50 other non-party faculty members, all without redaction. What the University is arguing, and what is not foreclosed by *University of Pennsylvania*, is the interest in maintaining confidentiality ***from the public at large*** where that disclosure would undermine the candor inherently necessary in the peer-review tenure application process and where disclosure of the reviewers' identities and their opinions is unnecessary to the public's interest in free access to court documents. *See Schneider v. Northwestern Univ.*, 151 F.R.D. 319 (N.D. Ill. 1993) ("This Court cannot conclude that the finding of no privilege in *University of Pennsylvania* obviates the various confidentiality concerns address in *Notre Dame* . . .); *see also Univ. of Pennsylvania*, 493 U.S. at 192-93 (refusing to question the assertion that confidentiality is an important part of the peer review process under which may Universities operate).

The information for which the University is seeking protection fits this description. In the course of a tenure review process, whether it be Plaintiff's tenure review or the review of non-party faculty members, opinions are sought from several sources on the candidate's tenure

- 4 -

application. Two separate Committees – the Ad Hoc Committee and the Appointment Promotion and Tenure Committee – are formed from University faculty members and these committees opine on the candidate's body of work. In addition, opinions are solicited from faculty members employed at other Universities – individuals who likely have no knowledge that this litigation in underway and that their referee letters may be subject to public review. As recognized by the Seventh Circuit in *Notre Dame du Lac*, confidentiality is essential to this process because, without it, the reviewers may not feel free to be entirely candid and objective. It is for this reason that the University seeks to file under seal, to protect the candid and objectivity of its tenure review process. As courts in the Seventh Circuit have recognized a valid privacy interest in such information for the very reasons set forth by the University, the University should be allowed to file under seal (while still providing the Court and Plaintiff with full, non-redacted versions of its motion and supporting documents) and to file separate redacted copies of those materials to protect the identities of peer-reviewers and the substance of their opinions.

## II.     CONCLUSION

For the foregoing reasons, the University respectfully requests that this Court deny Plaintiff's Motion for reconsideration.

Dated: November 11, 2010                     Respectfully submitted,

                                             By:     s/ Jason E. Barsanti
                                                     One of the Attorneys for Defendant
                                                     NORTHWESTERN UNIVERSITY

Anneliese Wermuth (#6270970)
Jason E. Barsanti (#6289014)
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Ste. 1800
Chicago, Illinois  60606
(312) 474-7900 – Telephone
(312) 474-7898 – Facsimile
M:\13756\pleading\RESP-Mot.Reconsider.doc

- 5 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on **November 11, 2010,** a copy of the foregoing **Northwestern University's Response To Plaintiff's Motion To Reconsider This Court's Ruling On Northwestern University's Motion For Leave To File Under Seal Defendant's Memorandum In Support Of Its Motion For Summary Judgment, Rule 56.1 Statement Of Facts, And Supporting Evidence** was filed electronically with the Clerk of the Court using the CM/ECF system. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Lori D. Ecker
Law Office of Lori D. Ecker
120 North LaSalle Street, Ste. 1050
Chicago, Illinois 60602

Dara E. Friedman
John P. Madden
M. Megan O'Malley
O'Malley & Madden, P.C.
542 South Dearborn Street, Ste. 660
Chicago, Illinois 60605

/s/ Jason E. Barsanti
Jason E. Barsanti

M:\13756\pleading\RESP-Mot.Reconsider.doc

# EXHIBIT 2

# Blasdel v. Northwestern Univ. Dkt. 60

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.1.1
### Eastern Division

Isabelle Blasdel

                      Plaintiff,

v.                                              Case No.: 1:09−cv−05576
                                            Honorable Charles P. Kocoras

Northwestern University

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 16, 2010:

    MINUTE entry before Honorable Charles P. Kocoras:Motion hearing held on 11/16/2010. Plaintiff's motion (Doc [56]) to reconsider is denied. As discussed in open court, defendant is given leave to file redacted pleadings while serving plaintiff&#039;s counsel and the Court with non−redacted copies. Mailed notice(sct, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.