UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KASTURI HALDAR, | ) |
| | ) |
| Plaintiff, | )  Case No.: 3:24-cv-00836-CCB-SJF |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF NOTRE DAME | ) |
| DU LAC, SANTIAGO SCHNELL, and | ) |
| CINDY PARSEGHIAN | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR INTERPRETATION OF PROTECTIVE ORDER, TO REDESIGNATE
DOCUMENTS, AND TO FILE PUBLIC VERSIONS OF SEALED DOCUMENTS**

The University of Notre Dame du Lac ("the University"), Santiago Schnell, and Cindy Parseghian (collectively, "Defendants") hereby respond to Plaintiff's Motion for Interpretation of Protective Order, to Redesignate Documents, and to File Public Versions of Sealed Documents ("Plaintiff's Motion"), as follows:

**I.    INTRODUCTION**

In Plaintiff's Motion, Plaintiff seeks to clarify the scope of the Stipulated Protective Order [DE 47], and to redesignate documents that Defendants have designated as confidential under the Stipulated Protective Order. And she does so, despite the fact that she did not object in open court when the Court ordered the filing of certain now contested documents under seal [DE 24], or oppose Defendants' Motion to Seal certain documents that she now contends are not subject to the

LEGAL\77041640\4

Stipulated Protective Order [DE 59, 63].[1] Specifically, the parties have reached impasse as to the applicability of the Stipulated Protective Order to the following documents:

1. Documents related to Plaintiff's 2022 faculty grievance:[2]

   a. Plaintiff's 2022 grievance [DE 4-3];

   b. The 2023 faculty grievance panel report [DE 25-2];

   c. The 2022 faculty grievance panel's recommendations provided to Plaintiff [DE 4-5]; and

   d. The University Provost's 2023 letter to Plaintiff regarding the outcome of Plaintiff's 2022 faculty grievance [DE 4-4].

2. Documents related to Plaintiff's 2024 faculty grievance:

   a. Plaintiff's 2024 grievance [DE 4-11];

   b. The 2025 faculty grievance panel's report [DE 56-1];

   c. The 2025 faculty grievance panel's recommendations provided to Plaintiff [DE 56-2]; and

   d. The University President's letter to Plaintiff regarding the outcome of Plaintiff's 2024 faculty grievance [DE 56-3].

3. The 2022 investigation report from the University's Office of Institutional Equity ("OIE") related to its investigation of complaints that the University received from staff and students about Plaintiff ("OIE investigation report") [DE 25-1].

4. An application for a SAM.gov account that Plaintiff instructed a student to submit to the federal government [DE 25-3].

Plaintiff asserts that these documents are not appropriately designated "confidential" under the Stipulated Protective Order, and that they should be publicly filed with redactions solely for

---

[1] Because the Court ordered that DE 25-1, 25-2, 25-3, 56-1, 56-2 and 56-3 be filed under seal, and because they have not yet been produced through the discovery process, Defendants have not yet marked them as confidential.

[2] The documents related to Plaintiff's 2022 and 2024 faculty grievances identified herein are collectively referred to as "faculty grievance documents."

2

the names and identifying information of all non-parties to the case. [DE 77 at 2 n.1]. However, as discussed below, the Stipulated Protective Order clearly provides that these documents are confidential in their entirety, and that sealing is the appropriate course of action with respect to public filing of them.[3]

## II.    ARGUMENT

### A.    The Plain Language of the Stipulated Protective Order Supports Defendants' Designations of the Disputed Material.

The Stipulated Protective Order permits the parties to designate the following documents as confidential:

> 3.  Personnel or employment records of a person who is not a party to this case, concerning compensation, probationary reviews, investigative files, grievance files, peer review files, complaint files, internal investigations of complaints, academic appointment files, personnel files, and compensation information;
>
> 5.  Records related to personnel, academic and administrative deliberations, peer review processes that are confidential under Notre Dame's Academic Articles, faculty grievance files, discipline files, and investigative files for investigations directed and maintained by the Provost's office, concerning the identity and personal information of any non-party complainant or alleged comparator, reviewer, or faculty committee member involved in such processes and all internal communications related thereto;

---

[3] Defendants recognize that in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [DE 4], filed contemporaneously with her Complaint and before the entry of the Stipulated Protective Order, Plaintiff filed certain documents in the public record. Though Defendants' view is that those documents [DE 4-3, 4-4, 4-5, and 4-11] were properly designated as "Confidential" when Defendants were called upon to produce them, Defendants did not seek to claw them out of the public record based on prior rulings on this topic from another Judge within the Seventh Circuit. *See Calvente v. DePaul University, et al.*, Case No. 20-cv-3366 (N.D. Ill. Oct. 1, 2020) (Blakey, J.) (Ex. 1) at Dkt No. 21 [DE 81-1 at 1]; *see also id.* at Dkt. No. 64 (later granting the defendants' motion to file peer review files and investigation files under seal, over the plaintiff's objection). [DE 81-1 at 20]. Note that the scope of the protective order in this case is broader than it was in *Calvente*.

6. Any document or information required by contract or agreement to be kept confidential (Plaintiff contends the Academic Articles are a contract);

7. The following categories of information that any party has maintained as confidential, and the disclosure of which could harm the parties' . . . relations with third parties: . . . (c) operational matters related to Notre Dame's College of Science, its . . . personnel matters[.]

[DE 47 at 2].

Plaintiff seeks to read these provisions narrowly, employing grammatical gymnastics to attempt to prove her point. Those grammatical gymnastics, however, do not successfully demonstrate that Defendants incorrectly designated the faculty grievance documents and OIE report identified above as confidential under the terms of the Stipulated Protective Order and applicable law. First, the fact that Section II.A.5 contains language that directly references "the identity and personal information of any non-party complainant or alleged comparator, reviewer, or faculty committee member involved in such processes" does not mean that that provision is limited solely to that specific information.[4] Rather, the point of that language is to make clear that the fact that documents contain such information renders them confidential. It does not limit the protection only to the identity and personal information of such individuals. Indeed, the faculty grievance documents and OIE investigation report referenced above are replete with information

---

[4] Nor does the fact that the phrasing of Section II.A.5 changed from one version of the Stipulated Protective Order to the version that the Court approved lead to the conclusion that the faculty grievance documents and OIE investigation report are not confidential. The parties agreed to change the phrase "including but not limited to" with respect to the above-referenced clause to "concerning," in response to the Court's determination that the prior phrase was too broad. If anything, that change demonstrates that the Stipulated Protective Order is focused on documents that contain information related to third parties, which is precisely what the faculty grievance documents, OIE investigation report, and SAM.gov application contain. That phrase does not in any way limit the confidentiality designation to only that information, but to documents that contain that information.

4

related to those individuals that simply cannot be divorced from the entirety of the documents. That also is the case as it relates to Section II.A.3 of the Stipulated Protective Order, as these documents reflect personnel matters of the third parties who lodged complaints about Plaintiff. Moreover, the Stipulated Protective Order prohibits the parties from disclosing confidential information except in accordance with the Stipulated Protective Order. [DE 47 at 5]. By arguing that Defendants cannot designate the faculty grievance documents and OIE investigation report as confidential, Plaintiff essentially seeks to disclose them to anyone she wishes, such as a news outlet or on social media, outside this litigation.

Relatedly, the Academic Articles, pursuant to which Plaintiff asserts her first cause of action [DE 1], explicitly provide for confidentiality in the faculty grievance process, stating as follows:

> The [grievance] panel maintains the strictest confidence consistent with its duties. This includes all proceedings, investigations, or discussion, all information or documents secured, and all recommendations made in connection with their responsibility under this section.

[DE 18-3 at 65].  This language in the Academic Articles thus triggers the definition of confidentiality in Paragraphs II.A.6-7 of the Stipulated Protective Order. The University maintains these very materials in confidence, and to permit their disclosure would harm its relationships with third parties to this litigation who serve on grievance panels or are witnesses interviewed in the course of processing such grievances. Because the confidentiality afforded these processes fosters candid, good-faith participation and a willingness to serve as a peer reviewer, and without it, reviewers and witnesses may not agree to serve or participate, such materials are legitimately treated as confidential. *EEOC v. Univ. of Notre Dame*, 715 F.2d 331, 336 (7th Cir. 1983), overruled in part by *Univ. of Pennsylvania v. EEOC*, 493 U.S. 182, 192-95 (1990).

5

Second, Plaintiff argues that the identity of these individuals is the only aspect of such records that is confidential, and that their identity could simply be redacted in public filings. Plaintiff wholly ignores the fact that the Stipulated Protective Order also identifies "personal information" of such individuals, not simply their identity. Further, the point of maintaining and designating these records in their entirety as confidential is to ensure that personnel information is not seen outside of the processes involved, including the faculty grievance process and OIE investigation process, which necessarily involve highly sensitive matters. Only redacting names leaves open the possibility that the information discussed in the documents still could allow a viewer to discern the individual's identity (e.g., a discussion about an issue that one of Plaintiff's lab members had with her, given that there were a limited number of members of Plaintiff's lab).

Thus, the plain language of the Stipulated Protective Order demonstrates that the faculty grievance documents and the OIE investigation report are confidential, and Defendants' designation of them as such complies with the Stipulated Protective order.

### B. Plaintiff's Interpretation Ignores Applicable Case Law.

As noted above, Plaintiff's narrow reading of the Stipulated Protective Order ignores applicable case law. Specifically, Plaintiff wholly fails to account for the fact that such documents are part of the academic peer review process that has been found by courts to be confidential. As discussed above, the Seventh Circuit has long held that the confidentiality of a peer review process is essential because, without it, peer reviewers would not feel free to be entirely candid and objective, which would compromise the proper functioning of the review process. *Univ. of Notre Dame*, 715 F.2d at 336, overruled in part by *Univ. of Pennsylvania*, 493 U.S. at 192-95 (rejecting peer review privilege as a basis to **withhold** documents, but also declining to question the importance of confidentiality in the peer review process); *Schneider v. Northwestern Univ.*, 151 F.R.D. 319 (N.D. Ill. 1993) ("This Court cannot conclude that the finding of no privilege in

6

*University of Pennsylvania* obviates the various confidentiality concerns addressed in *Notre Dame*"); *see also*, *Haynes v. Indiana Univ.*, No. 1:15-cv-01717-LJM-DKL, 2017 WL 2903367, at *9 (S.D. Ind. July 7, 2017) (granting confidentiality of academic tenure-review deliberations); *Levitin v. Northwest Community Hosp.*, 2014 WL 5510949, *4 (N.D. Ill. Oct. 31, 2014) (recognizing confidentiality of peer review documents related to investigation of the plaintiff's alleged misconduct); *Calvente v. DePaul Univ., et al.*, Case No. 20:-cv-3366, Dkt. Nos. 43, 58, 64 (N.D. Ill. October 1, 2020) [DE 81-1 at 4, 11, 20]; *Blasdel v. Northwestern Univ.*, Case No. 1:09-cv-5576, Dkt. Nos. 56, 59, 60 (N.D. Ill. 2010) (Ex. 2.) (ordering that tenure-related documents be filed under seal) [DE 81-2 at 1, 8, 15]; *Estate of Rundel ex. Rel McBride v. Kane*, 2008 WL 4630344, *1-2 (W.D. Wis. Jan. 31, 2008) (ordering the peer review material related to investigation of potential policy violations and misconduct to be maintained in confidence and sealed).

Furthermore, the faculty who have served on the faculty grievance panel at the University have an expectation of privacy with respect to their identity, commentary and deliberative process. In fact, the Academic Articles – which Plaintiff claims is a contract – reflects the panelists' expectation of confidentiality as they participate in this process which requires them to assess, evaluate and review the actions and conduct of their fellow faculty member who filed the grievance and other faculty members who may have been involved. (*See, e.g.*, [DE 18-3, at 64-65, Art. IV/Sec. 12 (noting that the panel has confidential access to information, that the panel will take all steps to maintain the strictest confidentiality, and that no petitioner will have access to confidential material)]. Plaintiff dismisses this language, stating that the Academic Articles only outline what steps the panel will take. However, this language demonstrates the confidential nature of the process, materials and documents. Also, the Academic Articles make clear that petitioners will not

7

have access to confidential information, demonstrating that the process is not intended to be opened up to even the faculty member who files the grievance, let alone the general public. This is further buttressed by the protections afforded to such peer review processes by the Seventh Circuit and district courts in this Circuit.

Accordingly, because the faculty grievance process is a peer review process in which faculty members review the actions of fellow faculty members, the faculty grievance documents referenced above are clearly confidential under applicable law. Plaintiff's attempt to narrowly read the Stipulated Protective Order to avoid the confidentiality designation therefore should be rejected.

### C. The SAM.gov Application Is Properly Designated as Confidential under the Stipulated Protective Order.

Finally, Plaintiff also appears to argue that the SAM.gov application [DE 25-3] is not confidential because it is not a personnel record. [DE 77 at 4]. That document is an application to appoint an entity administrator related to the University's account in the federal government's award management system. [DE 25-3]. Plaintiff directed a student to sign that application and represent himself to be employed by the University as the "Director of Government Contracting." (*Id.*). As an initial matter, this document was ordered to be filed under seal on October 28, 2024, without any objection by Plaintiff. [DE 24]. Moreover, as noted above, the Stipulated Protective Order provides that documents that have been "maintained as confidential, and the disclosure of which could harm the parties' business interests, research interests, and/or relations with third parties . . . concerning operational matters related to Notre Dame's research centers, their funding, . . . , and/or matters concerning the administration of centers" and "operational matters related to Notre Dame's College of Science, its administration, personnel matters, [and] funding information," may be designated as confidential. [DE 47, at 3]. This document is directly related

to the University's relationship with the federal government and the federal funding that the University receives, as well as to personnel matters of the College of Science. This document also falls squarely within the meaning of the Stipulated Protective Order, and its confidentiality designation should be maintained.

### III. CONCLUSION

Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion, and hold that the Stipulated Protective Order permits Defendants to designate the 2022 and 2024 faculty grievance documents, the OIE Investigation Report, and the SAM.gov application as confidential. Defendants further respectfully request that this Court order those documents remain under seal.

Date:  April 25, 2025

Respectfully submitted,

*/s/ Michael P. Palmer*
Michael P. Palmer (#25199-71)
V. Chisara Ezie-Boncoeur (#37251-71)
BARNES & THORNBURG LLP
201 S. Main St., Suite 400
South Bend, IN  46601-2130
Attorney Palmer: (574) 237-1135
michael.palmer@btlaw.com
Attorney Ezie-Boncoeur:  (574) 237-1273
cezie@btlaw.com

Anneliese Wermuth
awermuth@cozen.com
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL  60606
(312) 474-7876

*Attorneys for Defendants,*
*University of Notre Dame du Lac, Santiago*
*Schnell and Cindy Parseghian*

LEGAL\77041640\4