UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KASTURI HALDAR, ) | |
|         Plaintiff(s), ) | |
| ) | |
| v. ) | CASE NO: 3:24-CV-836-CCB-SJF |
| ) | |
| UNIVERSITY OF NOTRE DAME DU ) | |
| LAC, SANTIAGO SCHNELL, CINDY ) | |
| PARSEGHIAN, ) | |
|         Defendant(s). ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties **held a planning meeting** under Fed. R. Civ. P. 26(f) and agreed to this report on December 3, 2025. **David A. Nacht** participated for the plaintiff, **Anneliese Wermuth and Kelly Kindig**, participated for the defendant(s).

2. Jurisdiction.

    **This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts federal claims under 42 U.S.C. § 1981, Title VII, and the ADEA. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the related state-law claims. As noted in the Court's Order (ECF 30), federal question jurisdiction is proper in this case.**

3. Pre-Discovery Disclosures.

    __X__ The parties **will exchange**, *but may not file*, Rule 26(a)(1) information by **December 20, 2025.**[1] 4. Discovery Plan.

    The parties propose the following discovery plan.

    Discovery will be needed on the following subjects:

---

[1] The court encourages setting all deadlines on business days.

1

- **Plaintiff's allegations of discrimination, retaliation, breach of contract, and tortious interference as set forth in the Complaint;**

- **Defendants' defenses as asserted in the Answer;**

- **The conduct and performance concerns raised by University administrators, staff, faculty students and donors regarding Plaintiff and the basis for those concerns;**

- **The measures, directives, warnings, and restrictions issued to Plaintiff;**

- **Plaintiff's appointments and roles at the University, including her appointment as Director of the CRND/CR&D and any changes to those appointments.**

- **Plaintiff's grievances, responses, and all grievance-related materials, including committee findings, peer review materials, and communications;**

- **Plaintiff's interactions with current and former staff, faculty, students, donors, trustees, and other University personnel;**

- **Investigation materials related to the complaints made against Plaintiff**

- **Relevant University policies and governance documents, including the Respectful Environment Policy, Academic Articles, conduct-related policies, and procedures governing administrative or disciplinary actions.**

- **Plaintiff's damages claims, including reputational, economic, emotional distress, and professional harm, as well as evidence bearing on mitigation.**

- **Comparative treatment of similarly-situated faculty, staff, or administrators where relevant to Plaintiff's claims or Defendants' defenses.**

- **Non-privileged communications among Defendants and between Defendants and third parties concerning the claims and defenses asserted in this case.**

Disclosure or discovery of electronically stored information should be handled as follows:

[brief description of the parties' proposals]

**The parties will discuss and cooperate on the preservation, format, and scope of electronically stored information. The parties also agreed that they are not yet in a position to finalize an ESI protocol and will need to meet again to identify appropriate custodians, relevant timeframes, and proposed search terms. The parties will confer in good faith to prepare a joint ESI protocol addressing these items, along with**

2

**preservation requirements, format of production, and any necessary limitations.**

The last date to complete fact discovery is **September 16, 2026.**

Maximum of 25 interrogatories by each party to any other party.

Maximum of 30 requests for admission by each party to any other party.

Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s).

Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

**The parties are not yet certain whether expert testimony will be necessary in this case and agree that they will be in a better position to assess the need for experts after the completion of fact discovery. If either party identifies a need for expert witnesses, the parties propose that expert disclosures follow the Court's ruling on dispositive motions.**
**[If applicable] The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:**

**Plaintiff's expert disclosures: 30 days after the Court issues its ruling on dispositive motions**

**Defendants' expert disclosures: 60 days after the Court's ruling on dispositive motions**

**Rebuttal / supplement disclosures: 90 days after the Court's ruling on dispositive motions**

5. Other Items.

The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is **January 21, 2026**.

The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is **February 20, 2026.**

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

3

The case should be ready for jury trial **approximately 120 days after the Court issues its ruling on dispositive motions.** The parties estimate that trial will take approximately **5 to 7 days.**

At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. Alternative Dispute Resolution.

   **The parties discussed the potential for mediation and agree that meaningful settlement discussions will require additional discovery before they can be productive. The parties anticipate that mediation may be most effective after key depositions have been taken and the parties have a clearer understanding of the factual record. The parties will continue to confer regarding the appropriate timing and will notify the Court if they are prepared to engage in mediation.**

Date: December 3, 2025.

| | |
|---|---|
| **/s/ David A. Nacht** | **/s/ Anneliese Wermuth** |
| Counsel for Plaintiff(s) | Counsel for Defendant(s) |

Effective: October 22, 2020