**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

KASTURI HALDAR,

      Plaintiff,

          v.

UNIVERSITY OF NOTRE DAME DU
LAC, et al.,

      Defendants.

CASE NO. 3:24-CV-836-CCB-SJF

**OPINION and ORDER**

Defendants' motion to dismiss Plaintiff's first amended complaint is pending before the Court. [DE 110]. Also pending before the Court is Plaintiff's Motion for Leave to File Sur-Reply, filed with a memorandum in support, on May 28, 2026. [DE 117]. Plaintiff's motion requests leave to present what Plaintiff contends is new evidence and to address an argument in Defendants' reply brief in support of Defendants' motion to dismiss [DE 115]. [*Id.*]. Defendants filed their response in opposition on June 4, 2026. [DE 118]. Defendants contend that the argument presented in their response is not new and that the consideration of new evidence in response to a motion to dismiss is improper, so Plaintiff's motion, which Defendants further contend is untimely, should be denied. [*Id.*]. Plaintiff's motion for leave to file a surreply became ripe on June 11, 2026, when Plaintiff filed a reply. [DE 119].

Based on the rationale outlined *infra*, Plaintiff's motion for leave to file a surreply is denied. Defendants' motion to dismiss will be addressed in due course.

### I.    Legal Standard

This Court's local rules permit parties to file a supporting brief, a response, and a reply, but do "not contemplate the filing of a surreply or response to the reply brief." *Lafayette Life Ins. Co. v. City of Menasha, Wisconsin*, No. 4:09 cv 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010). Accordingly, "a party in this district may not file a supplemental brief as a matter of right—a party must first obtain leave of the court and make a showing of some factor justifying such a filing." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 308-CV-00490, 2010 WL 3119487, at *5 (N.D. Ind. Aug. 5, 2010) (citing *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, at *2 (N.D. Ind. Dec. 27, 2006)). Surreplies are disfavored and generally are not permitted. *Saunders v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-572 RLM-MGG, 2019 WL 979609, at *1 (N.D. Ind. Feb. 27, 2019). Still, courts in this district will permit a surreply in some cases, such as when the reply raises new arguments or evidence, *see Huizar v. Horizon Bank,* No. 4:22-CV-60-PPS-JEM, 2024 WL 4817733, at *1 (N.D. Ind. Nov. 15, 2024)*;* or when "it raises or responds to some new issues or development in the law." *Stack v. Menard, Inc.*, No. 3:19-CV-310, 2021 WL 1165138, at *2 (N.D. Ind. Mar. 25, 2021). Granting leave to file a surreply is within the court's discretion. *Meraz–Camacho v. United States,* 417 Fed. Appx. 558, 559 (7th Cir. 2011) ("The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief.").

## II.    Analysis

Plaintiff requests leave to file a surreply so that she can include certain correspondence from Defendants that Plaintiff argues show continued discrimination and retaliation. Plaintiff notes that all of the correspondence is dated after she filed her response to Defendants' dismissal motion. Defendants contend that since it is improper for the Court to consider matters outside the pleadings in a dismissal motion, leave for Plaintiff to file a surreply should be denied.

"When reviewing a motion to dismiss, a court generally only considers the factual allegations of the complaint and any reasonable inferences that can be drawn from those allegations." *Johnson v. Arcelormittal, LLC*, 2:16-CV-215, 2017 WL 4155220, at *2 (N.D. Ind. Sept. 19, 2017) (citing *Gesser v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2014). However, a court may consider information from documents attached to a motion to dismiss as part of the pleadings if they are referred to in plaintiff's complaint and are central to her claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1993). This rule also applies to documents attached to a plaintiff's response to a motion to dismiss. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010) (citing *Krok v. Burns & Wilcox, Ltd.*, No. 98 C 5902, 1999 WL 262125, at *6 (N.D. Ill. Apr. 16, 1999). "However, this is a 'narrow exception' to the general rule that consideration of extraneous material requires conversion to a summary judgment motion." *Johnson*, 2017 WL 4155220, at *2 (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). Whenever "extraneous materials are presented, it is within the court's discretion either to exclude the materials and handle the case as a straightforward motion to dismiss, or

3

consider the materials and convert to a summary judgment." *Id.* (citing *Levenstein*, 164 F.3d at 347).

Plaintiff contends that the correspondence is central to the amended complaint, since it shows that Defendants have continued to subject her to discrimination and retaliation. Defendants argue that the new documents are outside the scope of Plaintiff's amended complaint because they were not referenced therein.

Here, it is not proper for Plaintiff to file a surreply only so that the Court might consider the additional exhibits she presents in opposition to Defendants' motion to dismiss. The documents attached to the surreply are not referred to in the Plaintiff's amended complaint. *Johnson*, 2017 WL 4155220, at *2 (citing *Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014)). Accordingly, while the documents "may be used as evidence" to support Plaintiff's factual assertions, it is not apparent how they are central to the claims she brings in her amended complaint. *See id.* at *3. Further, denying Plaintiff leave to present new evidence avoids the risk that Defendants' motion to dismiss requires conversion to a summary judgment motion. *Id.* at *2.

Defendants also contend that Plaintiff's motion for leave to file a surreply is untimely, since Plaintiff filed it more than six weeks after Defendants filed their reply in support of their dismissal motion. "Since a surreply, by its very nature, is outside of the normal briefing schedule, there is no date by which one must absolutely be filed." *Merrill Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, Cause No. 2–09–cv–158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009). The latest dated new evidence found in Plaintiff's proposed surreply is correspondence she received from April 9, 2026. [DE

4

117-1 at 18-20]. Plaintiff's delay of less than a month in filing her motion for leave is not so long as to render it untimely. Further, the Court has yet to rule on Defendants' pending dismissal motion. *Merrill Lynch Life Ins. Co.*, 2009 WL 3762974, at *1. Therefore, Plaintiff's motion is deemed timely.

Finally, Plaintiff requests leave to file her surreply brief in order to address an argument made by Defendants in their reply in support of the dismissal motion that she contends is new. Although Plaintiff references multiple new arguments, she elaborates on only one. Therefore, the Court will focus on that one argument. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

Specifically, Plaintiff argues that Defendants' reply argues for the first time that she does not fall within the exception that allows parties to bring additional retaliation claims not enumerated in the original EEOC charge, because they were allegedly committed by a different department than the department from where the original alleged discrimination originated. Plaintiff argues that the Court should grant leave for her to file a surreply so that she can clarify how the additional allegations she brings do fall within this exception and so that she can bring additional allegations than those found in her original EEOC charge.

However, the Defendants are correct that the argument in their reply is not new. Indeed, the memorandum in support of their motion to dismiss argues that Plaintiff cannot bring new retaliation claims against Defendants Steve Corcelli and Jason Rohr [DE 110-1 at 2, 8, 17-19], who Plaintiff contends were the individuals involved in both

5

the discrimination and the later retaliation [DE 117 at 5]. Plaintiff also argues in response to Defendants' motion to dismiss [DE 114 at 8-9] that her claims fall within an exception established by *McKenzie v. Ill. Dep't of Transp.*, and *Luevano v. Wal-Mart Stores, Inc. See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013). Defendants argue in their reply in support of the dismissal motion that the exception in her case does not apply. [DE 115 at 5-6]. Defendants' raising one new case in support of their argument is not sufficient to warrant a surreply from Plaintiff.

The Court has determined that the new material Plaintiff attached to Plaintiff's proposed surreply is not referred to in her amended complaint, and is not central to her amended complaint. Additionally, Defendants have not raised a new argument in their reply. Therefore the Court denies Plaintiff's Motion for leave to file a surreply.

### III.    Conclusion

Accordingly, Plaintiff's Motion for Leave to File Sur-Reply is **DENIED**. [DE 117].

**SO ORDERED** this 23rd day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

6